# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **LUXOTTICA GROUP S.P.A.,** | Case No. 1:19-cv-824 |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| **ACCELERATOR MARKETING GROUP LLC,** | |
| Defendant. | |

Luxottica Group S.p.A. ("Luxottica"), for its complaint against Defendant Accelerator Marketing Group LLC dba Private Island Party ("Private Island Party"), states as follows:

## THE PARTIES

1. Luxottica is a corporation organized and existing under the laws of the Republic of Italy, having its principal place of business at Piazzale Luigi Cadorna 3, Milan, 20123 Italy.

2. Luxottica is informed and believes, and thereon alleges, that Defendant Private Island Party is a limited liability company organized and existing under the laws of the State of Florida; that Defendant Private Island Party has a principal place of business in Lakewood Ranch, Florida; and that Defendant Private Island Party appointed the following statutory agent for receiving service of process: Anthony Hueston III, 8792 SR 70 E, Bradenton, FL 34202.

## JURISDICTION AND VENUE

3. This is an action for (i) trademark infringement arising under 15 U.S.C. § 1114, (ii) false designation of origin arising under 15 U.S.C. § 1125(a), (iii) trademark dilution arising under 15 U.S.C. § 1125(c), (iv) trademark infringement arising under the common law of the State of Ohio, and (v) deceptive trade practices under Ohio Rev. Code § 4165.01 et seq.

4. This Court has original subject matter jurisdiction under 15 U.S.C. §§ 1116(a) and 1121(a) and 28 U.S.C. §§ 1331 and 1338 over the claims arising under the laws of the United States. This Court has supplemental jurisdiction over the remaining claims in this complaint under 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. This Court has personal jurisdiction over Defendant Private Island Party under the Ohio long-arm statute, Ohio Rev. Code § 2307.382, at least because (i) Defendant Private Island Party, on information and belief, regularly does and solicits business, engages in other persistent courses of conduct, and derives substantial revenue from goods used or consumed or services rendered in Ohio; and (ii) Luxottica's claims arise out of Defendant Private Island Party's (1) transacting business in Ohio, (2) causing tortious injury by acts in Ohio, and (3) causing tortious injury in Ohio.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 (b)-(d).

## GENERAL ALLEGATIONS

7. Luxottica is a well-known and established manufacturer, distributor, and retailer of high quality eyewear. Many of these lines of eyewear, such as Ray-Ban®, have enjoyed substantial success and are protected by various intellectual property rights owned by Luxottica.

8. Luxottica has marketed and sold its high quality eyewear in connection with the WAYFARER® and CLUBMASTER® marks (the "Luxottica Marks"). Since Luxottica began using the Luxottica Marks, its use of the marks in connection with eyewear has been continuous and exclusive.

9. Over the years, Luxottica has invested a considerable amount of time and money in establishing the Luxottica Marks in the minds of consumers as a source of high quality eyewear. As a result of Luxottica's substantial use and promotion of the Luxottica Marks in connection with the eyewear and other products, the marks have acquired great value as a specific identifier of Luxottica's products and serve to distinguish Luxottica's products from that of others. Customers in this judicial district and elsewhere readily recognize the Luxottica Marks as distinctive designations of origin of Luxottica's products. The Luxottica Marks are intellectual property assets of great value as a symbol of Luxottica's quality products and goodwill.

10. Luxottica is the owner of Trademark Registration No. 595,513 for WAYFARER®, registered with the U.S.P.T.O. on September 21, 1954. Trademark Registration No. 595,513 is associated with the following goods: sunglasses. A true and correct copy of the certificate of registration of Trademark Registration No. 595,513 is attached hereto as **Exhibit 1.** Trademark Registration No. 595,513 is valid, subsisting, and in full force and effect. Luxottica's rights in the mark have become incontestable under 15 U.S.C. § 1065.

11. Luxottica is the owner of Trademark Registration No. 1,537,974 for CLUBMASTER®, registered with the U.S.P.T.O. on May 9, 1989. Trademark Registration No. 1,537,974 is associated with the following goods: sunglasses and ophthalmic frames. A true and correct copy of the certificate of registration of Trademark Registration No. 1,537,974 is attached hereto as **Exhibit 2.** Trademark Registration No. 1,537,974 is valid, subsisting, and in full force and effect. Luxottica's rights in the mark have become incontestable under 15 U.S.C. § 1065.

12. Without permission or consent from Luxottica, Defendant Private Island Party is offering for sale, distributing, marketing, and/or selling eyewear under the Luxottica Marks. For

example, Defendant Private Island Party has used and is using the Luxottica Marks in connection with the sale of Defendant Private Island Party's eyewear on at least the following websites of Defendant Private Island Party:

- privateislandparty.com/products/yellow-sunglasses-wayfarer-1059/
- privateislandparty.com/products/royal-blue-wayfarer-style-sunglasses-1076/
- privateislandparty.com/products/red-wayfarer-sunglasses-1056/
- privateislandparty.com/products/turquiose-blue-sunglasses-wayfarer-adult-size-1057/
- privateislandparty.com/products/orange-sunglasses-wayfarer-orange-1053/
- privateislandparty.com/products/clubmaster-sunglasses-wholesale-12pk-brown-brown-lens/
- privateislandparty.com/products/clubmaster-sunglasses-vintage-style-brown-clear-lens-1071/
- privateislandparty.com/products/clubmaster-glasses-clear-lens-vintage-style-black-1070/
- privateislandparty.com/products/clubmaster-sunglasses-vintage-style-brown-brown-lens-1073/
- privateislandparty.com/products/clubmaster-sunglasses-vintage-style-black-black-lens-1072/

13. Indeed, as of September 27, 2019, a Google search of Defendant Private Island Party's website for either of the WAYFARER® or CLUBMASTER® marks returns *thousands* of results, as shown in the below image:



14. Defendant Private Island Party, without permission, has sold eyewear under the Luxottica Marks in this judicial district.

15. Defendant Private Island Party did not begin using the Luxottica Marks in connection with eyewear until long after Luxottica began using the Luxottica Marks and until after the Luxottica Marks became famous.

16. Luxottica is informed and believes, and on that basis alleges, that Defendant Private Island Party's unauthorized use of the Luxottica Marks is intended to trade upon the goodwill and substantial recognition associated with Luxottica and the Luxottica Marks.

17. Luxottica is informed and believes, and on that basis alleges, that Defendant Private Island Party is using the Luxottica Marks in an attempt to associate its eyewear products with Luxottica and the Luxottica Mark, to cause confusion, mistake, or deception as to the source of Defendant Private Island Party's eyewear products and/or to otherwise trade upon Luxottica's valuable reputation and customer goodwill in its marks.

18. By virtue of the acts complained of herein, Defendant Private Island Party has created a likelihood of injury to Luxottica's business reputation, caused a strong likelihood of consumer confusion, mistake, and deception as to the source of or origin or relationship of Luxottica's and Defendant Private Island Party's goods, has caused actual confusion, and has otherwise competed unfairly with Luxottica by unlawfully trading on and using the Luxottica Marks without Luxottica's permission or consent.

19. At no time has Luxottica ever given Defendant Private Island Party license, permission, or authority to use or display the Luxottica Marks in connection with any of Defendant Private Island Party's eyewear products.

20. Luxottica is informed and believes, and on that basis alleges, that Defendant Private Island Party's acts complained of herein are willful and deliberate.

21. Defendant Private Island Party's acts complained of herein have caused Luxottica to suffer irreparable injury to its business. Luxottica will suffer substantial loss of goodwill and reputation unless and until Defendant Private Island Party is preliminarily and permanently enjoined from its wrongful actions complained of herein.

**FIRST CLAIM FOR RELIEF**
**(Federal Trademark Infringement)**
**(15 U.S.C. § 1114)**

22. Luxottica repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

23. This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

24. Defendant Private Island Party has used in commerce, without Luxottica's permission, reproductions, copies, or colorable imitations of the Luxottica Marks in connection with distributing, selling, offering for sale, advertising, and/or promoting Defendant Private Island Party's eyewear.

25. Without Luxottica's permission, Defendant Private Island Party is reproducing, copying, or colorably imitating the Luxottica Marks and applying such reproductions, copies, or colorable imitations to merchandise, labels, signs, packages, receptacles, or advertisements intended to be used in commerce upon or in connection with the distributing, selling, offering for sale, advertising, and/or promoting of goods or services on or in connection with which such use is likely to cause confusion, to cause mistake, or to deceive.

26. Luxottica is informed and believes, and on that basis alleges, that Defendant Private Island Party's activities complained of herein constitute willful and intentional infringements of the Luxottica Marks and that Defendant Private Island Party did so with the intent to unfairly compete against Luxottica, to trade upon Luxottica's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public

into believing that Defendant Private Island Party's eyewear products are associated with, sponsored by, originated from, or are approved by Luxottica, when in truth and fact they are not.

27. On July 18, 2017 and again on August 8, 2017, Luxottica informed Defendant Private Island Party by letter addressed to its prior DBA and/or affiliate Private Island Party Entertainment, LLC of Defendant Private Island Party's infringement and of Luxottica's ownership and prior use. Defendant Private Island Party, however, ignored both letters and continues its infringing conduct unabated. Defendant Private Island Party thus had actual knowledge of Luxottica's ownership and prior use of the Luxottica Marks, and, without the consent of Luxottica, Defendant Private Island Party has willfully infringed the Luxottica Marks in violation of 15 U.S.C. § 1114.

28. Luxottica is informed and believes, and thereon alleges, that Defendant Private Island Party has derived and received, and will continue to derive and receive, gains, profits, and advantages from the use of the Luxottica Marks in an amount that is not presently known to Luxottica. By reason of Defendant Private Island Party's actions, constituting unauthorized use of the Luxottica Marks, Luxottica has been damaged and is entitled to monetary relief in an amount to be determined at trial.

29. Due to Defendant Private Island Party's actions, constituting unauthorized use of the Luxottica Marks, Luxottica has suffered and continues to suffer great and irreparable injury, for which Luxottica has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition & False Designation of Origin)
### (15 U.S.C. § 1125(a))

30. Luxottica repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

31.     This is a claim for unfair competition and false designation of origin arising under 15 U.S.C. § 1125(a).

32.     Without Luxottica's consent, Defendant Private Island Party has created and will create a false designation of origin by using in commerce the Luxottica Marks and/or other marks confusingly similar to the Luxottica Marks in connection with the distribution, sale, offering for sale, advertising, and/or promotion of Defendant Private Island Party's eyewear, thereby causing a likelihood of confusion, mistake, or deception as to an affiliation, connection, or association with Luxottica, or to suggest Luxottica as the origin of the goods and/or services, or that Luxottica has sponsored or approved Defendant Private Island Party's commercial activities.

33.     Luxottica is informed and believes, and on that basis alleges, that Defendant Private Island Party acted with the intent to unfairly compete against Luxottica, to trade upon Luxottica's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant Private Island Party's eyewear products are associated with, sponsored by, or approved by Luxottica when they are not.

34.     Defendant Private Island Party had knowledge of Luxottica's ownership and prior use of the Luxottica Marks and without the consent of Luxottica has willfully committed acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a).

35.     Luxottica is informed and believes, and thereon alleges, that Defendant Private Island Party has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendant Private Island Party's false designation of origin in an amount that is not presently known to Luxottica.  By reason of Defendant Private Island Party's actions, constituting false designation of origin, false or misleading statements, false or misleading

descriptions of fact, or false or misleading representations of fact, Luxottica has been damaged and is entitled to monetary relief in an amount to be determined at trial.

36. Due to Defendant Private Island Party's actions, constituting false designation of origin, Luxottica has suffered and continues to suffer great and irreparable injury, for which Luxottica has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**(Federal Trademark Dilution)**
**(15 U.S.C. § 1125(c))**

37. Luxottica repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

38. This is a claim for trademark dilution under 15 U.S.C. § 1125(c).

39. The products sold by Luxottica under the Luxottica Marks have been widely advertised, promoted, and distributed to the purchasing public throughout the United States and the world.

40. Luxottica's products sold under the Luxottica Marks, by reason of their style and design and quality of workmanship, have come to be known to the purchasing public throughout the United States as high quality products, which are sold under excellent merchandising and customer service conditions. As a result, the Luxottica Marks, and the goodwill associated therewith, are of great value to Luxottica.

41. By virtue of the wide renown acquired by the Luxottica Marks, coupled with the national and international distribution and extensive sale of various products distributed under the Luxottica Marks, each of the Luxottica Marks is famous and became so prior to Defendant Private Island Party's acts complained of herein.

42. Defendant Private Island Party's unauthorized commercial use of the Luxottica Marks in connection with the advertisement, offering for sale, and sale of Defendant Private

Island Party's eyewear products has caused and is likely to continue to cause dilution of the distinctive quality of the famous Luxottica Marks.

43. Defendant Private Island Party's acts are likely to blur, tarnish, injure, or trade upon Luxottica's business, reputation, or goodwill and to deprive Luxottica of the ability to control the use of its Luxottica Marks and quality of products associated therewith.

44. Luxottica is informed and believes, and on that basis alleges, that Defendant Private Island Party's dilution has been willful and deliberate.

45. By reason of the aforesaid acts constituting trademark dilution, Luxottica has been damaged and is entitled to monetary relief in an amount to be determined at trial.

46. Due to Defendant Private Island Party's actions, constituting trademark dilution, Luxottica has suffered and continues to suffer great and irreparable injury, for which Luxottica has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (Ohio Common Law Trademark Infringement)

47. Luxottica repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

48. This is a claim for trademark infringement, arising under Ohio common law.

49. Defendant Private Island Party's acts complained of herein constitute trademark infringement under Ohio common law. Defendant Private Island Party's acts complained of herein are willful and deliberate and committed with knowledge that Defendant Private Island Party's unauthorized use of the Luxottica Marks causes a likelihood of confusion.

50. Luxottica is informed and believes, and thereon alleges, that Defendant Private Island Party has derived and received and will continue to derive and receive, gains, profits, and advantages from Defendant Private Island Party's trademark infringement in an amount that is

10

not presently known to Luxottica. By reason of Defendant Private Island Party's wrongful acts as alleged in this complaint, Luxottica has been damaged and is entitled to monetary relief in an amount to be determined at trial. The full extent of Luxottica's damages is currently unknown but exceeds $75,000.

51. Due to Defendant Private Island Party's trademark infringement, Luxottica has suffered and continues to suffer great and irreparable injury for which Luxottica has no adequate remedy at law.

52. Defendant Private Island Party's willful acts of trademark infringement under Ohio common law constitute fraud, oppression, and malice. Accordingly, Luxottica is entitled to exemplary damages.

### FIFTH CLAIM FOR RELIEF
**(Ohio Deceptive Trade Practices)**
**(Ohio Rev. Code § 4165.01 et seq.)**

53. Luxottica repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

54. The Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.01 et seq., prohibits, among other things, businesses from "[r]epresent[ing] that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have."

55. In selling, describing, and representing the infringing eyewear, Defendant Private Island Party falsely represented and intended to represent an affiliation, connection, and association with Luxottica.

56. Defendant Private Island Party's conduct actually deceived and is still deceiving a substantial segment of the customers and potential customers.

57. Defendant Private Island Party's false and misleading statements have the tendency to deceive a substantial segment of their audiences.

58. At least some of Defendant Private Island Party's sales and misrepresentations occurred within the State of Ohio.

59. Luxottica has been damaged as a result of Defendant Private Island Party's misconduct. The full extent of Luxottica's damages is currently unknown but exceeds $75,000.

60. Luxottica is entitled to injunctive relief under Ohio Rev. Code § 4165.03 and will be irreparably harmed unless Defendant Private Island Party's infringing activities are enjoined.

## PRAYER FOR RELIEF

**WHEREFORE**, Luxottica prays for judgment in its favor against Defendant Private Island Party for the following relief:

1. That the Luxottica Marks be deemed valid and willfully infringed by Defendant Private Island Party in violation of 15 U.S.C. § 1114, et seq.;

2. A preliminary and permanent injunction against Defendant Private Island Party, its officers, agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant Private Island Party, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

    a. using to market, advertise, promote, sell, offer for sale, and/or identify Defendant Private Island Party's goods with the Luxottica Marks or any mark that is confusingly similar to the Luxottica Marks or is likely to create the erroneous impression that Defendant Private Island Party's goods or services originate from Luxottica, are endorsed by Luxottica, or are connected in any way with Luxottica;

  b. manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any eyewear products bearing any of the Luxottica Marks and/or any confusingly similar marks;

  c. otherwise infringing or diluting the Luxottica Marks and/or any of Luxottica's other trademarks;

  d. falsely designating the origin of Defendant Private Island Party's goods;

  e. unfairly competing with Luxottica in any manner; or

  f. causing a likelihood of confusion or injuries to Luxottica's business reputation;

 3. That Defendant Private Island Party be directed to file with this Court and serve on Luxottica within thirty days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendant Private Island Party has complied with the injunction under 15 U.S.C. § 1116;

 4. That, because of the exceptional nature of this case resulting from Defendant Private Island Party's deliberate infringing actions, this Court award to Luxottica all reasonable attorneys' fees, costs, and disbursements incurred as a result of this action, under 15 U.S.C. § 1117;

 5. That Defendant Private Island Party be required to account for and disgorge any and all profits derived by its acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition complained of in this complaint;

 6. That Luxottica be awarded damages for Defendant Private Island Party's trademark infringement under 15 U.S.C. § 1117 in the form of Defendant Private Island Party's

13

profits, damages sustained by Luxottica, and the costs of the action, together with prejudgment and post-judgment interest;

7. That Luxottica be awarded damages for corrective advertising in an amount sufficient to rectify harm caused by Defendant Private Island Party's misconduct;

8. That Defendant Private Island Party's acts of trademark infringement, false designation of origin, trademark dilution, and unfair competition complained of in this complaint be deemed willful, and that Luxottica be entitled to enhanced damages;

9. That Defendant Private Island Party be adjudged to have acted with willful intent to trade on Luxottica's reputation and to dilute the famous Luxottica Marks in violation of 15 U.S.C. § 1125(c), et seq.;

10. That Defendant Private Island Party be adjudged to have willfully and maliciously infringed the Luxottica Marks in violation of Luxottica's common law rights under Ohio common law;

11. That Defendant Private Island Party be adjudged to have violated the Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.01 et seq.;

12. That Defendant Private Island Party be adjudged to have competed unfairly with Luxottica under the common law of the State of Ohio;

13. That an accounting be ordered to determine Defendant Private Island Party's profits resulting from its infringement, unfair competition, dilution, and false designation of origin, and that Luxottica be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy, including:

    a. all profits received by Defendant Private Island Party from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled;

   b.  all damages sustained by Luxottica as a result of Defendant Private Island Party's acts of infringement, unfair competition, false designation of origin, and dilution, and that such damages be trebled; and

   c.  punitive damages stemming from Defendant Private Island Party's willful, intentional, and malicious acts;

14. That such damages and profits be trebled and awarded to Luxottica under 15 U.S.C. § 1117;

15. That Luxottica recover exemplary damages;

16. That Luxottica have and recover the costs of this civil action, including reasonable attorneys' fees;

17. An award of pre-judgment and post-judgment interest and costs of this action against Defendant Private Island Party; and

18. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff Luxottica demands a trial by jury for all issues so triable.

Respectfully submitted,


/s/ John F. Bennett
John F. Bennett (0074506)
 *Trial Attorney*
Ulmer & Berne LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
Telephone:  (513) 698-5000
Facsimile:   (513) 698-5153
jbennett@ulmer.com

ATTORNEYS FOR PLAINTIFF
LUXOTTICA GROUP S.P.A.